**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-2439

MARGO J. HEIN-MUNIZ, MD; PARKSIDE MEDICAL CONSULTANTS LLC,
d/b/a Magnolia Medical,

Plaintiffs - Appellants,

v.

AIKEN REGIONAL MEDICAL CENTERS; UNIVERSAL HEALTH SERVICES,
INC.; AIKEN OBSTETRICS & GYNECOLOGY ASSOCIATES PA; CARLOS A.
MILANES; K. D. JUSTYN; OLETHA R. MINTO, MD; JAMES F.
BOEHNER, MD; ROBERT D. BOONE, MD; JONATHAN H. ANDERSON, MD;
THOMAS P. PAXTON, MD; UHS OF DELAWARE, INC.,

Defendants – Appellees.

Appeal from the United States District Court for the District of
South Carolina, at Aiken.    Joseph F. Anderson, Jr., District
Judge.  (1:10-cv-00986-JFA)

Submitted:  June 14, 2013              Decided:  July 5, 2013

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thornwell F. Sowell, III, David C. Dick, Alexis K. Lindsay,
SOWELL GRAY STEPP & LAFFITTE, LLC, Columbia, South Carolina, for
Appellants.  Travis Dayhuff, NELSON MULLINS RILEY & SCARBOROUGH,
LLP, Columbia, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Margo J. Hein-Muniz, M.D. ("Muniz"),[1] a physician whose clinical privileges at Aiken Regional Medical Center ("ARMC") were terminated after a peer review proceeding, appeals the district court's entry of summary judgment on the civil action she subsequently brought against the Appellees, in which she attacked the peer review process and the ultimate decision by ARMC's Board of Governors ("Board") to terminate her privileges. We affirm.

We forgo a full recounting of the facts, which are well known to the parties. The bulk of the parties' arguments on appeal concern the applicability of the Health Care Quality Improvement Act ("HCQIA"), 42 U.S.C. § 11101-11152 (2006), which immunizes those who participate in a "professional review action" from monetary damages as long as the action is taken

    (1)  in the reasonable belief that the action was in the furtherance of quality health care,
    (2)  after a reasonable effort to obtain the facts of the matter,
    (3)  after adequate notice and hearing procedures are afforded to the physician involved or after such other procedures as are fair to the physician under the circumstances, and
    (4)  in the reasonable belief that the action was warranted by the facts known after such

---

[1] Muniz's practice, Parkside Medical Consultants LLC, d/b/a Magnolia Medical, joins this appeal. For the sake of brevity, we refer to Appellants collectively as "Muniz."

reasonable effort to obtain facts and after meeting the requirement of paragraph (3).

42 U.S.C. § 11112(a) (2006); Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 606-07 (4th Cir. 2009).

"A professional review action shall be presumed to have met the preceding standards necessary for [immunity] unless the presumption is rebutted by a preponderance of the evidence." 42 U.S.C. § 11112(a). In view of this presumption, whether the participants in the peer review action are entitled to summary judgment necessitates application of an "unconventional" standard: "whether a reasonable jury, viewing all facts in a light most favorable to [the plaintiff], could conclude that [she] had shown, by a preponderance of the evidence, that [the peer review participants'] actions fell outside the scope of section 11112(a)." Gabaldoni v. Wash. Cnty. Hosp. Ass'n, 250 F.3d 255, 260 (4th Cir. 2001).

Having reviewed the record, we are persuaded that no reasonable jury could have concluded that the Appellees failed to meet any of the four requirements of the HCQIA. First, no reasonable jury could have concluded that Muniz carried her burden of showing that the Board was not motivated by a reasonable belief that its termination of Muniz's privileges was in the furtherance of quality health care — a goal that certainly includes ensuring that physicians affiliated with ARMC

4

are candid and truthful in their interactions with colleagues and patients. See, e.g., 42 U.S.C. § 11151(9) (2006); Singh v. Blue Cross/Blue Shield of Mass., Inc., 308 F.3d 25, 39 (1st Cir. 2002). Because § 11112(a)(1) requires only a "reasonable belief" that the action was in furtherance of quality health care, the test is "an objective one which looks to the totality of the circumstances." Imperial v. Suburban Hosp. Ass'n, Inc., 37 F.3d 1026, 1030 (4th Cir. 1994); see also Gabaldoni, 250 F.3d at 261.

Due to the objective nature of this court's inquiry, "to the extent [Muniz's] case relies on inferences of a conspiracy to oust [her], . . . such inferences do not create any genuine issues of fact . . . . In the HCQIA immunity context, the circuits that have considered the issue all agree that the subjective bias or bad faith motives of the peer reviewers is irrelevant." Sugarbaker v. SSM Health Care, 190 F.3d 905, 914 (8th Cir. 1999); see Cohlmia v. St. John Med. Ctr., 693 F.3d 1269, 1279 (10th Cir. 2012). And "[t]he fact that some of the specific concerns [identified by the hearing panel and the Medical Executive Committee] shifted or changed over time does not rebut the presumption that the hospital acted in the reasonable belief that it was furthering quality health care." Lee v. Trinity Lutheran Hosp., 408 F.3d 1064, 1071 (8th Cir. 2005) (internal quotation marks omitted). Notwithstanding

5

Muniz's attempt to portray the Medical Executive Committee's conduct as a conspiratorial ploy to eject her from ARMC, we can only conclude on the record that there was "enough evidence against [Muniz] for the Board to believe that it was furthering the quality of health care in terminating [her] privileges." Gabaldoni, 250 F.3d at 261 (internal quotation marks omitted).

Given the extensive peer review process conducted in Muniz's case, we likewise conclude that no reasonable jury could find that the Board had failed on the HCQIA's second prong — to make a reasonable effort to obtain the pertinent facts. See 42 U.S.C. § 11112(a)(2); Moore v. Williamsburg Reg'l Hosp., 560 F.3d 166, 175-76 (4th Cir. 2009); Singh, 308 F.3d at 43; Gabaldoni, 250 F.3d at 261.

Muniz's argument as to the third prong of § 11112(a) must meet the same fate. Even assuming that the safe harbor provisions found in 42 U.S.C. § 11112(b) (2006) apply only partially to the Board's peer review action, but see, e.g., Moore, 560 F.3d at 176, we nonetheless think it inescapable that the Board terminated Muniz's privileges "after such other procedures as are fair to the physician under the circumstances." 42 U.S.C. § 11112(a)(3). We do not believe that a reasonable jury could find that the procedural irregularities involving the hearing officer — unwise though some of them were — rendered Muniz's peer review process unfair

6

or objectively unreasonable. See Wahi, 562 F.3d at 610, 614 (noting standard). Nor do we countenance Muniz's assertion that she was insufficiently on notice that she was required to tell the truth during her peer review process and that her privileges could be terminated if she did not do so. A reasonable jury could only conclude that it was "fair" for the Board to terminate Muniz after giving her extensive opportunity in a lengthy hearing to explain her misrepresentations. 42 U.S.C. § 11112(a)(3). See also Moore, 560 F.3d at 175 ("[T]he entire purpose of an immunity provision is to afford some discretionary latitude to decisionmakers to make close calls unhaunted by the specter of civil liability.").

Finally, Muniz's arguments as to the HCQIA's fourth prong cannot forestall summary judgment, either, given that a reasonable jury could conclude only that the Board's conduct was taken "in the reasonable belief that the action was warranted by the facts known" to it. 42 U.S.C. § 11112(a)(4). Because Muniz has failed to show that the facts relied upon by the Board were "so obviously mistaken or inadequate as to make reliance on them unreasonable," she cannot defeat the presumption that the Board's action complied with § 11112(a)(4). Meyers v. Columbia/HCA Healthcare Corp., 341 F.3d 461, 471 (6th Cir. 2003) (internal quotation marks omitted). See also Moore, 560 F.3d at 172 ("HCQIA immunity allows hospitals to take prophylactic

7

measures that need not involve proof of improper conduct beyond a reasonable doubt so long as statutory procedures designed to protect the reputation and livelihood of the physician have been observed."). Nor does the HCQIA require the Board to consider less severe disciplinary options as long as the one chosen is reasonably warranted by the facts. Id. at 176; Singh, 308 F.3d at 38.

Because Muniz "has not met [her] burden of showing that the requirements in § 11112(a)(1)-(4) were not met" by the Board, the district court properly determined that the Appellees are immune from damages under the HCQIA. Moore, 560 F.3d at 176.[2] To the extent that any of Muniz's substantive state law claims survive the operation of the HCQIA, we also conclude that the district court properly entered summary judgment on each of them. See id. at 176-78.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the material

---

[2] Despite Muniz's arguments that the district court abused its discretion in excluding certain expert testimony proferred by her and in declining to draw an adverse evidence on the basis of spoliated evidence, we disagree. See F.C. Wheat Mar. Corp. v. United States, 663 F.3d 714, 723 (4th Cir. 2011) (noting standard); Vulcan Materials Co. v. Massiah, 645 F.3d 249, 260 (4th Cir. 2011) (same).

before this court and argument will not aid the decisional process.

AFFIRMED